IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,658-01






EX PARTE MONICA LAVELLE ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-297-008087-0794551-A IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life
imprisonment. The Second Court of Appeals affirmed her conviction. Robinson v. State, No. 2-02-314-CR (Tex. App. - Fort Worth, April 22, 2004, pet. ref'd). 

 Applicant contended that her trial counsel rendered ineffective assistance because counsel failed
to present evidence of Applicant's mental condition at the time of the offense. Specifically, Applicant
alleged that counsel did not present evidence that Applicant was taking medication for schizophrenia and
bipolar disorder. Such evidence might have supported the defense of sudden passion or favorably affected
the jury's punishment decision.

 Finding that Applicant had alleged facts that, if true, might entitle her to relief, this Court entered
a remand order. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In compliance with the remand order, the trial court provided
Applicant's trial counsel with an opportunity to respond to Applicant's claim of ineffective assistance of
counsel. Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Counsel filed an affidavit responding to part of this Court's remand order. In his affidavit counsel
explained why he did not present evidence of Applicant's mental and emotional health problems in support
of a sudden passion defense, but counsel did not explain why he did not present such evidence in mitigation
of punishment. Applicant pleaded guilty and went to the jury for sentencing, but Applicant's own testimony
was the only evidence of her mental health problems. Counsel's affidavit does not explain why, after
Applicant testified, counsel did not present any records of Applicant's mental health history in response to
the State's positions that: Applicant was lying about her mental and emotional state on the night of the
murder; Applicant had planned both the murder and the sudden passion defense; and after the murder
Applicant went to her mother's house and then the emergency room as part of her plan to establish a
defense. On the current record it appears that Applicant's mental health records would have been relevant
to support her credibility and to undermine the State's portrayal of her as a calm and clear-headed
murderer.

 Therefore additional facts are still needed. The trial court shall provide counsel with another
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make additional findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court.



 

Filed: January 30, 2008

Do not publish